UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jack Eskenazi

  v.                                              Civil No. 17-cv-610-AJ

Christopher Slover, et al.

**O R D E R**

On January 26, 2018, the parties submitted a proposed discovery plan.[1] Doc. no. 38. The discovery plan is approved with the following changes:

| Scheduling Designation | Deadline |
|---|---|
| **Trial** | Two-week period beginning February 20, 2019 |
| **Demand (if any)** | March 1, 2018 |
| **Offer (if any)** | April 2, 2018 |
| **Challenges to Expert Testimony** | January 7, 2019 |
| **Disclosure of Claims Against Unnamed Parties, Joinder of Additional Parties, and Third-Party Actions** | June 29, 2018[2] |
| **Amendment of Pleadings** | Defendants: April 16, 2018 |

---

[1] The parties are advised that Civil Form 2, the proposed discovery plan template, has been updated as part of the December 1, 2017 amendments to the Local Rules for this district.

[2] Per Civil Form 2, disclosures of claims against unnamed parties should be made at least thirty days prior to the joinder of additional parties deadline. Based the parties' agreement, however, the court allows a deviation in the present case.

| **Motions to Dismiss** | May 3, 2018[3] |
|---|---|
| **Motions for Summary Judgment** | October 23, 2018 |
| **Joint Statement Re: Mediation** | The parties shall inform the court on or before September 14, 2018, whether mediation is suitable and, if so, when it should occur |

**Electronic Information Disclosures.** The parties appear to have had preliminary discussions regarding the discovery of electronically stored information ("ESI"). Based on the representations in their proposed discovery plan, the court does not require that they supplement their statement at this time. Nevertheless, should disputes regarding ESI discovery arise, the court may require that the parties file a supplemental ESI statement addressing in more detail the suggested factors in Civil Form 2.

**Completion of discovery.** The parties are advised that the court considers the deadline for the completion of discovery to be a deadline by which discovery is to be completed – not a deadline by which discovery is to be served. Propounding parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that

---

[3] It does not appear that the parties anticipate filing motions to dismiss. The court nonetheless includes this deadline as a matter of precaution.

deadline.  Where Federal Rule 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the deadline, the recipient need not provide a response.

**Discovery disputes.**  Should discovery disputes arise in this case, prior to filing a motion to compel, the parties may request an informal conference.  The party or counsel seeking discovery related relief should confer with opposing counsel, identify mutually available dates, and then contact the Deputy Clerk to schedule a conference with the court.  The court will inform the parties and counsel what written materials, if any, will be permitted in advance of the conference.  To the extent the aforementioned informal process does not resolve the discovery dispute, the parties may thereafter seek to resolve the dispute through a customary motion to compel discovery or other appropriate motion.

**Status Conference.**  The clerk's office shall schedule a discovery status conference at least 60 days prior to the close of discovery.  At least 7 days prior to the date of the conference, the parties shall submit a joint statement regarding the status of discovery.

**Pretrial Conference.**  In light of the foregoing, the pretrial conference scheduled for February 2, 2018, is cancelled.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

January 30, 2018

cc: Jonathan Mark Levitan, Esq.
    Jeffrey C. Spear, Esq.
    Peter N. Tamposi, Esq.

4